UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HENRY YOUNG, HARVEY
WEGLARZ, and WILLIAM CHAKUR,
on behalf of the Ironworkers Local
25 Pension Fund,

        Plaintiffs,

v.

JAMES HEMRIC, JAMES EDWARDS,
PATRICK GLEASON, STEVEN
GULICK, D. JAMES WALKER, JR.,
ART ELLUL, J. MICHAEL ROGERS
and ANTHONY ASHER, MICHAEL J.
ASHER, and SULLIVAN, WARD,
ASHER AND PATTON, P.C., a
Professional Corporation, jointly
and severally,

        Defendants.
_____/

CIVIL ACTION NO. 07-12368
        (04-40243)
        (07-12520)

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that Defendants Anthony Asher, Michael J. Asher and Sullivan Ward Asher and Patton P.C.'s Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) be denied, and that the Trustee Defendants' Motion to Dismiss for Lack of Ripeness or Alternatively to Stay Proceedings be denied. I further recommend that the court grant, in part, Plaintiffs' Motion for Consolidation of this action with Case No. 04-40243 pursuant to Fed.R.Civ.P. 42(a)(2).

## II. REPORT:

### A. Procedural History

**Case No. 04-40243**

The Complaint in Case No. 04-40243 was filed on July 6, 2004. Plaintiffs, Iron Workers Local No. 25 Pension Fund ("Fund") and its Trustees, sought damages from Defendant Watson Wyatt & Company ("Watson Wyatt"), a Delaware Corporation, which had served as employee benefits and actuarial consultant to the Fund for approximately twenty years. Plaintiffs asserted various theories of recovery, including negligence, wilful and wanton misconduct, professional negligence and malpractice, breach of contract, negligent supervision, negligent and fraudulent misrepresentation, silent fraud and fraudulent concealment, all in connection with Watson Wyatt's professional services. Sullivan, Ward, Asher and Patton, P.C. ("Sullivan Ward") served as counsel to the Fund and its Board of Trustees for many years prior to the filing of the Watson Wyatt suit. Sullivan Ward filed the Fund's Complaint and continued as litigation counsel throughout the case, up to and including a negotiated settlement with Watson Wyatt. The settlement agreement was presented to the Court on March 26, 2007, and an Order of Dismissal without prejudice was entered, pending payment of the settlement amount. Initially, Sullivan Ward represented the Fund on an hourly basis. During the pendency of the case, however, the Trustees agreed to convert the fee arrangement to a one-third contingency fee.

On April 16, 2007, following the dismissal of the case as to Watson Wyatt, George Henry Young, Harvey Weglarz and William Chakur filed a Motion to Reinstate the Case;

to Grant Them Intervenor Status; and for a Temporary Restraining Order (Docket No. 138). The motion also seeks an award of attorney fees for the applicants. On April 20, 2007, they filed an Amended Motion for the same relief (Docket No. 145), together with a Pleading Seeking Intervention and Related Relief (Docket No. 146). Young is a current member of the Board of Trustees of the Fund, having been elected in 2006 to replace Art Ellul, an original Plaintiff Trustee whose term had expired. Weglarz is a member of Iron Workers Local 25 and a participant in the Fund. Chakur is a retired participant in the Fund. On May 7, 2007, the original Plaintiffs filed their Response to Young, Weglarz and Chakur's Motions to Reinstate, for Intervenor Status and for Temporary Restraining Order (Docket No. 151).

On June 5, 2007, Young, Weglarz and Chakur filed a Motion for Turnover of Mailing List, seeking access to a mailing list of participants and beneficiaries of the Local 25 Pension Fund (Docket No. 159). The current Plaintiffs filed a Response to that Motion on June 22, 2007 (Docket No. 163).

On January 14, 2008, George Young filed a Motion to Substitute Himself as a Party Plaintiff in Lieu of Original Plaintiff Trustee Art Ellul (Docket No. 177). The current Trustees filed their Response on January 31, 2008 (Docket No. 179). Young filed a Reply Brief on February 14, 2008 (Docket No. 181) and a Supplemental Brief on February 27, 2008 (Docket No. 184). All of the Motions have been referred to the magistrate judge for hearing and determination (Docket No. 164).

### Case No. 07-12368

On June 1, 2007, Young, Weglarz and Chakur filed the instant action against the original Trustee Plaintiffs in Case No. 04-40243 (Hamric, Edwards, Gleason, Gulick,

3

Walker, Ellul and Rogers) as well as the Sullivan Ward firm and two of its individual members, Anthony Asher and Michael J. Asher. The case was originally assigned to Honorable Bernard A. Friedman, but it was reassigned to Honorable Paul V. Gadola by an Order entered on June 14, 2007. The Complaint charged the Trustees with breach of their fiduciary duty and the attorneys/law firm with legal malpractice. On August 1, 2007, the Asher Ward Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1). A Response to the Motion was filed on September 7, 2007, and a Reply Brief was filed on September 21, 2007. On December 5, 2007, Plaintiff filed a First Amended Complaint. All of the counts in the original Complaint to which the Asher Ward Defendants' Motion to Dismiss was directed were omitted from the First Amended Complaint. Accordingly, the Sullivan Ward Defendants' Motion to Dismiss is now moot, and should be denied on that basis.

On August 13, 2007, the Trustee Defendants filed a Motion to Dismiss for Lack of Ripeness or Alternatively to Stay Proceedings. Response and Reply Briefs were filed on September 7, 2007 and September 28, 2007, respectively.

On September 24, 2007, the district judge referred all pretrial matters to the magistrate judge. On November 20, 2007, the magistrate judge entered an Order holding all matters in abeyance pending a decision on the intervention issues in Case No. 04-40243. Notwithstanding that Order, Young, Weglarz and Chakur filed their First Amended Complaint on December 5, 2007. They filed a Motion to Consolidate on the same day. On December 26, 2007, the Sullivan Ward Defendants filed a Response to the Motion, which was joined by the Trustee Defendants on January 18, 2008. On January 7, 2008, a Reply Brief was filed.

4

The Amended Complaint seeks to void or reduce the contingent fee agreement between the Fund and Sullivan Ward in Case No. 04-40243 (the Watson Wyatt suit). Count I alleges a violation of the reasonable agreement provisions of ERISA (29 U.S.C. §1108(b)(2)). Count II charges that the contingent fee represents a prohibited transaction within the meaning of 29 U.S.C. §1106(a)(1)(C). Count III charges the Trustee Plaintiffs in the Watson Wyatt action with breach of fiduciary duty under 29 U.S.C. §§1104, 1105. The First Amended Complaint also seeks an award of attorneys fees and costs.

## Case No. 07-12520

On June 12, 2007, Bart Carrigan, a Trustee of the Fund from September 2006 until June 5, 2007, filed a separate action against Sulivan Ward, Anthony Asher and Michael Asher. The Complaint, in Case No. 07-12520, was originally assigned to United States District Judge Robert H. Clelland. It was reassigned to the Honorable Paul V. Gadola in an Order on June 15, 2007. On June 20, 2007, Carrigan filed an Amended Complaint. Count I alleges that the contingent fee agreement in the Watson Wyatt suit (Case No. 04-40243) was an unreasonable arrangement for the provision of services in violation of ERISA §408(b)(2), 29 U.S.C. §1108(b)(2) and Department of Labor ("DOL") regulation 2550.408b-2. Count II alleges that the same attorney fee agreement represents unreasonable compensation in violation of ERISA §406(a)(1)(C), 29 U.S.C. §1106(a)(1)(C). Count III asserts that the Amended Stipulated Order submitted to this Court and entered in Case No. 04-40243, on April 30, 2007, was a prohibited transaction in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D). Carrigan seeks the abrogation of the contingent fee agreement between the Fund and the Sullivan Ward Defendants in favor of a reasonable compensation award to be determined by the Court, as well as an award of his

5

own attorney fees and costs. In a separate Report of even date, I have recommended that Case No. 07-12520 be dismissed for lack of subject matter jurisdiction.

### B. Applicable Law and Standard of Review

Fed.R.Civ.P. 42 provides as follows:

> **Rule 42. Consolidation: Separate Trials**
>
> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.
>
> **(b) Separate Trials.** For convenience, to avoid prejudice or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42.

### C. Analysis

Plaintiffs' Motion to Consolidate correctly observes that the standard for consolidating two or more cases is simply that they involve "a common question of law or fact." Mutual Life Ins. v. Hillmon, 145 U.S. 285-86 (1992). The rule allows for consolidation of a broad range of cases brought in the federal courts. In Re: Macon Uplands Venture, 624 F.2d 26, 28 (5th Cir. 1980). The court enjoys a broad discretion in determining whether or not consolidation is proper, and the exercise of that discretion is rarely overruled. Johnson v. Cellotex Corp., 899 F.2d 1281, 1284-85 (2nd Cir.), cert. denied, 498 U.S. 920

(1990). A decision to consolidate will be upheld on appeal unless it represents a clear abuse of discretion. Id., at 1284-85. A party bringing a motion for consolidation bears the burden of demonstrating the commonality of facts, law or both in cases sought to be combined. In Re: Repetitive Stress Injury Litigation, 11 F.3d 368, 373-74 (2nd Cir. 1993). Where a proper basis for consolidation exists, the district court has the authority to consolidate cases even where no motions are brought by the parties.

    It is readily apparent that the propriety of the contingent fee agreement between the Fund and Sullivan Ward in the Fund's action against Watson Wyatt in Case No. 04-40243 is the over-riding issue in all three cases. The consolidation of separate actions presenting a common issue of law or fact is the essential function of Fed.R.Civ.P. 42. "The district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual." Wright and Miller, Federal Practice and Procedure: Civil 3rd §2383. A motion to consolidate is not required. Rather, the court may combine separate actions on its own initiative. In Re: Cannonsburg Environmental Associates, LTD, 72 F.3d 1260, 1269 (6th Cir. 1996). The essential relief prayed in each of these actions is a court review of the circumstances giving rise to the contingent fee contract and a judicial determination of the reasonableness of that contract in the context of the Fund's litigation against Watson Wyatt. ERISA is the governing statute in all three cases. Under these circumstances, judicial economy would be best served by combining the viable claims of all interested parties in a single proceeding. To be sure, each of the separate cases may involve factual and legal issues which are separate and distinct from those presented in the others. Nonetheless, the primary subject matter and governing statute are common in each instance. While they appear to agree on little else,

all parties are in accord that this court's review of the attorney fee contract is appropriate. In a separate report, I have recommended that Case No. 07-12520 be dismissed for lack of subject matter jurisdiction, based on the absence of standing. I am satisfied, however, that consolidation of the instant case with Case No. 04-40243 is appropriate, and that the Trustee Defendants' Motion to Dismiss or Stay should be denied. In my view, consolidation of these closely related actions pursuant to Fed.R.Civ.P. 42(a) will promote the timely, efficient and just determination of the central issue in each case. Resolution of that single most important issue in each action may have the additional salutary effect of promoting the settlement or abandonment of collateral claims. The Trustee Defendants have presented a standard for determining issues of ripeness. Sixth Circuit case law reflects that three factors are to be weighed: "(1) the likelihood that the harm alleged will ever come to pass; (2) whether the factual record is sufficiently developed to allow for adjudication; and (3) hardship to the parties if judicial review is denied." Norton v. Ashcroft, 298 F.3d 547, 554 (6th Cir. 2002) (citing Adult Video Ass'n v. U.S., 71 F.3d 563, 568 (6th Cir. 1995)). The Trustees rely upon U.S. v. Michigan, 409 F.Supp. 2nd 883 (E.D. Mich. 2006). In that case, several suburban political units filed a motion to replace the Detroit Water and Sewer Department's court appointed special administrator. They sought independent review of contracts negotiated by the administrator in order to ensure that they were appropriate. The court determined that the issues raised in the motion were not sufficiently ripe for determination, because a special master was in the process of researching and preparing a report on the contracts in issue. Judge Feikens reasoned that the interested parties would benefit from the additional factual development by the special master. He further determined that, because the parties could object to the special master's report, there

would be little hardship to the parties in delaying the action. The Trustees in the instant case contend that the same result is warranted here, in light of the fact that the challenged contingent fee contract is already subject to review by the court in Case No. 04-40243.

Defendants argue that Plaintiffs cannot show any likelihood that harm would result from a dismissal or stay in this action. Their argument is based upon this court's upcoming review of the Sullivan Ward contingent fee agreement in Case No. 04-40243. Defendants reason that, "[s]hould the court rule that the contingency fee at issue in the Watson Wyatt lawsuit was appropriate, Plaintiffs' allegations here may well be moot, inasmuch as the Fund was not 'harmed' by the Trustee Defendants alleged breach of their fiduciary duties." (Docket No. 8, Page 7). They reason further that, "[i]f on the other hand, the court rules that the contingency fees were not appropriate, the court has the authority to adjust the fees accordingly . . .," and "would . . . make the fund whole for the Trustee Defendants' alleged ERISA breaches." (Trustee Brief, Docket No. 8, Page 7). I find the argument unpersuasive.

It is certain that the court will undertake a review of the contingent fee in the Watson Wyatt case. The very object of Plaintiffs' First Amended Complaint in this cause is to demonstrate that the contingent attorney fee agreement in the Watson Wyatt case should not be approved. It is manifest that both the Trustee Defendants and the Sullivan Ward Defendants hold a directly contrary view. Unquestionably, if the claims of these Plaintiffs are dismissed, or stayed, the prospects for the Defendants to secure approval of the contingent fee in the Watson Wyatt case are enhanced. The parties to this case are on opposite sides of an actual, mature conflict which this court has already determined to address. These Plaintiffs seek to affect the outcome of the court's determination. Thus,

I conclude that the likelihood of the harm alleged by Plaintiffs is substantial if their First Amended Complaint is dismissed or stayed and they are denied the opportunity to be heard before the court rules on the contingent fee agreement.

Defendants also maintain that the factual record is insufficiently developed to allow for adjudication of the claims in the First Amended Complaint. They allow that sufficient development will only occur after this court rules on the appropriateness of the contingent fee agreement in the Watson Wyatt lawsuit. While I agree that the factual record here is not fully developed, a central point of Plaintiffs' First Amended Complaint is that the same is true in Case No. 04-40243 such that, absent the ability of these Plaintiffs to prosecute their case, the court will not be fully apprised of the facts essential to the correct determination of both actions. Indeed, the sole object of the instant suit is to permit Plaintiffs to weigh in on the factual issues necessary to a proper evaluation of the contingent fee agreement in the Watson Wyatt action. Thus, I conclude that the state of the record does not favor Defendants' Motion to Dismiss or Stay this case.

Defendants also contend that Plaintiffs "cannot point to any evidence supporting a conclusion that they, or more accurately the Fund, will endure hardship if judicial review of their claims is denied until the court renders a decision on the attorney fee issue in the Watson Wyatt lawsuit." (Defendants' Brief, Docket No. 8, Page 8). Defendants observe that the stipulated Orders entered by the court on April 20, 2007 and April 30, 2007 preclude disbursement of the attorney fee portion of the settlement without an Order from the court. Thus, they contend that no prejudice results to Plaintiffs in the event of the dismissal or delay of their claims in this action. Once again, I disagree. These Plaintiffs contend that the contingent fee agreement is unreasonable and a violation of ERISA. They

10

seek to litigate those claims in order to forestall court approval of an excessive and unlawful (in their view) attorney fee to the detriment of the Fund. If their claims are dismissed or stayed, the prospect for the very result they seek to prevent is enhanced. In my view, there is obvious hardship to these Plaintiffs if their claims are delayed until a final decision in the Watson Wyatt case. As non-parties in that action, they would be in a poor position to challenge a judgment with which they disagree.

In <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 149 (1967), the Supreme Court declared that ripeness "is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." I am satisfied that both aspects of the test have been met by Plaintiffs in this case. An actual and substantial dispute exists between these Plaintiffs and these Defendants with regard to the validity, under ERISA standards, of the contingent attorney fee agreement between the Trustees and the Sullivan Ward attorneys in the Watson Wyatt case. This court has determined that it will scrutinize the agreement and determine its propriety. The Trustee and attorney Defendants in the instant case are aligned with one another against these Plaintiffs in support of the Watson Wyatt attorney fee contract. The Plaintiffs have filed their First Amended Complaint in an effort to be heard on factual issues of consequence to the court's ultimate determination. I am fully satisfied that the respective parties in this case have a real dispute which is fit for judicial determination. I am further persuaded that, unless these Plaintiffs are permitted to pursue their claims in advance of the court's decision in the Watson Wyatt case, they will have no meaningful opportunity to pursue them in this case thereafter. I am thus, satisfied that withholding the court's consideration of their claims at this time would constitute a hardship.

Ultimately, the sole concern of this court in the Watson Wyatt case <u>and</u> in this case is a proper review of all relevant facts necessary to determine the propriety of the contingent attorney fee agreement. Unquestionably, both cases involve common questions of law and fact. I agree with Plaintiffs that consolidation would promote the interests of justice, expeditious determination of the matters in issue, conservation of judicial resources and the avoidance of inconsistent judgments. Consolidation will allow a single streamlined discovery process and a single evidentiary proceeding, thus avoiding needless duplicative hearings and motions. Because I am satisfied that consolidation of this case and Case No. 04-40243, pursuant to Fed.R.Civ.P. 42(a) will serve the interests of justice and judicial economy. I recommend that the court grant Plaintiffs' Motion to Consolidate the cases.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: April 30, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2008. **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217